UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

**ENNIS LEE BROWN,**

                      Plaintiff,

v.                                              **Case No. 16-cv-632-pp**

**MILWAUKEE COUNTY PUBLIC DEFENDERS OFFICE,
MARK ROSEN, JEREMY PERRI,
MARIA STEPHENSON, KELLI THOMPSON,
JOSEPH E. EHMANN, and JANE/JOHN DOE,**

                      Defendants.

_____

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 7), AND DISMISSING CASE WITHOUT PREJUDICE**

_____

      The plaintiff, Ennis Lee Brown, is a Wisconsin state prisoner representing himself. He filed this lawsuit alleging that the defendants violated his constitutional rights. Dkt. No. 1. The plaintiff also has filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). Dkt. No. 2.

**I.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FILING FEE**

      The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets

1

certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On June 2, 2016, the court assessed an initial partial filing fee of $12.55. Dkt. No. 6. The plaintiff paid that amount on June 24, 2016. Therefore, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee, and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## II. SCREENING OF PLAINTIFF'S COMPLAINT

### A. Standard for Screening Complaints

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, plaintiffs must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds

2

upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Indeed, allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two step analysis set forth in Twombly to determine whether a complaint states a claim. Iqbal, 556 U.S. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not support by facts "are not entitled to the assumption of truth." Id. Second, the Court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  Facts Alleged in the Complaint

The plaintiff is incarcerated at Waupun Correctional Institution. Dkt. 1 at 1. The defendants are: the Milwaukee County Public Defender's Office[1];

---

[1] There is not a Milwaukee County Public Defender's Office. The official entity responsible for appointing counsel to criminal defendants who cannot afford an

3

Attorney Mark Rosen; Attorney Jeremy Perri; Maria Stephenson (her real name is Marla Stephenson), Director of the Appellate Division of the State of Wisconsin Public Defender's Office; State of Wisconsin Public Defender Kelli Thompson; Attorney Joseph E. Ehmann; and Jane/John Doe. Id.

The plaintiff alleges that the defendants violated his constitutional rights. His allegations relate to a state criminal proceeding and his disagreement with the appointment of appellate counsel in his criminal appeal. The plaintiff raised some of these allegations in another case he filed in this court, Brown v. Hicks, Case No. 15-cv-509-PP (E.D. Wis.).[2]

In this case, the plaintiff alleges that Attorney Ehman violated his right to due process, and his rights under the First, Fifth, Sixth, and Fourteenth Amendments, by: (1) assessing the plaintiff for indigency; (2) getting his permission to appoint counsel; (3) asking if the plaintiff sought an appeal; (4) appointing counsel for appeal that he didn't request; (5) depriving the plaintiff of vital records; and (6) preventing him from pursuing other help through a nonprofit organization. Dkt. 1 at 2.

The plaintiff alleges that the Milwaukee Public Defender appointed Attorney Rosen.[3] Id. The plaintiff notified Attorney Rosen about "the violations

---

attorney is the Wisconsin State Public Defender's Office. That entity has offices in many cities in Wisconsin, including in Milwaukee.

[2] In that case, the court dismissed the plaintiff's claims related to his criminal conviction, as barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See Brown v. Hicks, Case No. 15-cv-509-PP, Dkt. No. 21 (E.D. Wis.). The court dismissed the complaint (Dkt. No. 53) and the case currently is on appeal (7th Cir. Appeal No. 16-1622).

[3] The appointing entity would have been the Wisconsin State Public Defender's Office.

4

of procedures" and the "unconstitutional procedures used." Id. at 2-3. Attorney Rosen allegedly failed to address the issues and acted as counsel without the plaintiff's consent "or participation with the procedure." Id. at 2-3.

In December 2013, the plaintiff notified State Public Defender Thompson in an attempt to seek relief from what he alleges were the unconstitutional procedures used to appoint counsel. Id. Attorney Thompson did not respond to the plaintiff's complaint, but she or someone from her office sent the plaintiff's complaint to Attorney Perri. Id.

The plaintiff then contacted Director Stephenson to complain. Id. He "was referred"—he does not say by whom—to Attorney Rosen or Attorney Perri, but his alleged violations of his constitutional rights were not addressed. Id. at 3-4. Stephenson gave the plaintiff the option to fire Attorney Rosen, "the appellate counsel he did not request or allow the appeal to take place, although Brown had not requested counsel or an appeal, which made the procedure unconstitutional as the deprivation of due process continued[.]" Id. at 4.

The plaintiff contacted Attorney Perri on numerous occasions. Id. Attorney Perri allegedly ignored the plaintiff and gave him two options: (1) "fire the unhired or requested counsel;" or (2) "accept him and allow him to do an appeal, which meant Brown would waive his rights to the due process of procedures." Id. The plaintiff refused, and Attorney Perri failed to address what the plaintiff alleged were violations of the procedures and policies put in place to prevent the violations of his constitutional rights. Id.

5

The plaintiff alleges that the Milwaukee County Public Defender's Office is liable and responsible for the breakdown in the "due process of procedures" that occurred. Id. He alleges that the supervisors, contract attorneys, and directors failed to uphold the policies in place to prevent the procedural due process violations. Id.

The plaintiff alleges that defendants Thompson, Stephenson, Perri, and Rosen were fully aware of the plaintiff's pleas, yet they failed to follow the policies and procedures of the complaint system, thereby violating the plaintiff's due process rights. Id. at 5. He alleges that the supervisors of the Appellate Division of the Public Defender's Officer failed to ensure the due process procedures were followed because they appointed appellate counsel without the plaintiff's consent. Id.

The plaintiff alleges that defendants John Doe and Jane Doe "failed to follow due process procedures that deprived Brown of liberties and due process guaranteed him" under the Constitution. Id. at 6.

He asserts that the Milwaukee County Public Defender's Office withheld vital documents that the plaintiff needed to pursue relief, "by depriving him of due process of procedures and the unconstitutional appointment of unwanted appellate counsel." Id. at 6. The plaintiff claims that the office has not attempted to correct the procedural violations, nor has it made any attempt to investigate the plaintiff's claims "of the due process procedural unconstitutional appointment of Mark Rosen."

For relief, the plaintiff seeks compensatory and punitive damages.

C. <u>Discussion</u>

As far as the court can tell, the plaintiff contends the State Public Defender's Office did not ask him if he wanted to appeal his conviction, did not ask him if he wanted a lawyer to represent him in that appeal, appointed contract attorney Rosen to represent him without his consent, deprived him of "vital records" (which he does not identify), and prevented him from getting help through a non-profit organization. He also contends that he notified multiple people of these alleged violations, and they did not correct the alleged violations. He argues that the appointment of Attorney Rosen as his appellate counsel constituted a procedural violation. The plaintiff does not assert, however, that the appointment of Attorney Rosen had an effect on the outcome of his appeal.

In the plaintiff's previous case (Case No. 15-cv-509, E.D. Wis.), the plaintiff challenged the Wisconsin State Public Defender's Office appointment of Attorney Mark Rosen to represent him in his criminal appeal, contending that the appointment violated his right to choose his own lawyer, or to proceed *pro se.* In Case No. 15-cv-509, the court determined that this claim was barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) (suit under §1983 barred where judgment in plaintiff's favor would necessarily imply the invalidity of criminal conviction, unless conviction has been invalidated):

> First, the court did not misapply Heck: an alleged Sixth Amendment violation at the appellate level is a challenge to the original conviction—the very thing that Heck says a plaintiff may not challenge in a §1983 case. Second, the plaintiff is incorrect the Public Defender violated his Sixth Amendment rights by selecting his attorney for him; the Sixth Amendment does not include an

7

> unqualified right to select one's own attorney. See Wheat v. United States, 486 U.S. 143, 158-59 (1988). Third, even if Heck did not bar the plaintiff from bringing an ineffective assistance counsel claim in a §1983 action, the plaintiff has not alleged that Attorney Rosen was ineffective. Finally, if the plaintiff had wanted to represent himself at the appellate level, he has that right, see Faretta v. California, 422 U.S. 806 (1975), and he simply could have fired Attorney Rosen.

Brown v. Hicks, Case No. 15-cv-509-PP, Dkt. No. 23 at 2-3 (E.D. Wis.)

To the extent that the plaintiff contends that his appellate counsel was ineffective, this claim is Heck-barred. Although not entirely clear, it appears that the plaintiff wanted to represent himself on his criminal appeal and that the appointment of Attorney Rosen violated what the plaintiff believes was his constitutional right to do so. He also alleges, however, that Attorney Perri told him he could fire his appellate attorney (which it does not appear that he did). In any event, criminal defendants do not have a federal constitutional right to represent themselves on direct appeal from a conviction, although courts may exercise their discretion to allow a defendant to proceed pro se on appeal. Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152, 154 (2000).

The plaintiff has raised these issues, in different form, in Case No. 15-cv-509, and the court dismissed that case. He now seeks to raise the claims again in this case, expecting the result to be different. It will not be. The plaintiff has not stated a claim that is either not barred by Heck or that states a basis for relief that this court can grant.

8

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt No. 7.

The court **ORDERS** that this case is **DISMISSED**.

The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $337.25 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

The court **ORDERS** that the Clerk of Court enter judgment accordingly.

The court will mail a copy of this order be sent to the Warden of the Waupun Correctional Institution.

Dated in Milwaukee, Wisconsin this 18th day of July, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge