UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ENNIS LEE BROWN,

                Plaintiff,

v.                                             Case No. 16-cv-632-pp

MILWAUKEE COUNTY PUBLIC DEFENDERS OFFICE,
MARK ROSEN, JEREMY PERRI,
MARIA STEPHENSON, KELLI THOMPSON,
JOSEPH E. EHMANN, and JANE/JOHN DOE,

                Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 10), DENYING PLAINTIFF'S MOTION FOR RECUSAL (DKT. NO. 11), AND DENYING PLAINTIFF'S MOTIONS TO USE RELEASE ACCOUNT FOR LEGAL COSTS AND SUPPLIES (DKT. NO. 15, 20)**

---

      The plaintiff, Ennis Lee Brown, is a Wisconsin state prisoner representing himself. He filed this lawsuit alleging that the defendants violated his constitutional rights. Dkt. No. 1. On July 18, 2016, the court screened the complaint under 28 U.S.C. §1915A, and dismissed the case. Dkt. No. 8. The court entered judgment on July 19, 2016. Dkt. No. 9. The plaintiff has filed a motion for reconsideration (Dkt. No 10), a motion for recusal (Dkt. No. 11), two motions to use inmate release account to cover fees and supplies (Dkt. No. 15, 20), a notice of appeal (Dkt. No. 13), and a motion for leave to proceed without prepayment of the appeal fee (Dkt. No. 19). The court addresses these motions in this order.

1

1.  Motion for Reconsideration of Screening Order

The plaintiff filed his motion for reconsideration on July 25, 2016. Dkt. No. 10. He contends that the court erred in concluding that Heck v. Humphrey, 512 U.S. 477 (1994), bars this complaint. Dkt. No. 10 at 7. According to the plaintiff, his complaint does not challenge his underlying conviction or sentence, but rather challenges the procedural issue of whether the state court forced him to have an appellate attorney despite the fact that he did not request an attorney or consent to having an attorney. Id. at 2. He asserts that the issue is "his right to hire, retain, seek, request counsel, or to be pro se, in which case, has nothing to do with the effectiveness of un-hired counsel." Id. at 3-4. The plaintiff states that it would have been "totally illogical for Mr. Brown to fire someone he did not hire and waive his right of procedural due process as the court stated on the record." Id. at 4. He cites to Wilkinson v. Dotson, 544 U.S. 74 (2005) and Powers v. Hamilton Cnty. Pub. Defender's Comm., 501 F.3d 592 (6th Cir. 2007), and states that, like the inmate in the Powers case, he (the plaintiff) is challenging only a procedure – not his underlying conviction or the duration of his sentence – and therefore that the court erred in determining that Heck barred his claim. Dkt. No. 10 at 5. The plaintiff also cites to Skinner v. Switzer, 562 U.S. 521, 525 (2011), where the Supreme Court held that a post-conviction claim for DNA testing was properly pursued in a §1983 action. Dkt. No. 10 at 6, 7.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered

2

evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

When it screened the complaint, the court dismissed this case on grounds that the complaint was Heck-barred and failed to state a claim. Dkt. No. 8 at 8. The court also noted that the plaintiff had raised these issues, in part, in another case he filed in this court. Id. (The other case is Brown v. Hicks, Case No. 15-cv-509-PP (E.D. Wis.), which currently is on appeal. Seventh Circuit Case No. 16-1622.) After reviewing the allegations in the complaint, the court dismissed the case, reasoning as follows:

> As far as the court can tell, the plaintiff contends the State Public Defender's Office did not ask him if he wanted to appeal his conviction, did not ask him if he wanted a lawyer to represent him in that appeal, appointed contract attorney Rosen to represent him without his consent, deprived him of "vital records" (which he does not identify), and prevented him from getting help through a non-profit organization. He also contends that he notified multiple people of these alleged violations, and they did not correct the alleged violations. He argues that the appointment of Attorney Rosen as his appellate counsel constituted a procedural violation. The plaintiff does not assert, however, that the appointment of Attorney Rosen had an effect on the outcome of his appeal.
>
> In the plaintiff's previous case (Case No. 15-cv-509, E.D. Wis.), the plaintiff challenged the Wisconsin State Public Defender's Office appointment of Attorney Mark Rosen to represent him in his criminal appeal, contending that the appointment violated his right to choose his own lawyer, or to proceed pro se. In

3

Case No. 15-cv-509, the court determined that this claim was barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (suit under §1983 barred where judgment in plaintiff's favor would necessarily imply the invalidity of criminal conviction, unless conviction has been invalidated):

> First, the court did not misapply Heck: an alleged Sixth Amendment violation at the appellate level is a challenge to the original conviction—the very thing that Heck says a plaintiff may not challenge in a §1983 case. Second, the plaintiff is incorrect the Public Defender violated his Sixth Amendment rights by selecting his attorney for him; the Sixth Amendment does not include an unqualified right to select one's own attorney. See Wheat v. United States, 486 U.S. 143, 158-59 (1988). Third, even if Heck did not bar the plaintiff from bringing an ineffective assistance counsel claim in a §1983 action, the plaintiff has not alleged that Attorney Rosen was ineffective. Finally, if the plaintiff had wanted to represent himself at the appellate level, he has that right, see Faretta v. California, 422 U.S. 806 (1975), and he simply could have fired Attorney Rosen.

Brown v. Hicks, Case No. 15-cv-509-PP, Dkt. No. 23 at 2-3 (E.D. Wis.)

To the extent that the plaintiff contends that his appellate counsel was ineffective, this claim is Heck-barred. Although not entirely clear, it appears that the plaintiff wanted to represent himself on his criminal appeal and that the appointment of Attorney Rosen violated what the plaintiff believes was his constitutional right to do so. He also alleges, however, that Attorney Perri told him he could fire his appellate attorney (which it does not appear that he did). In any event, criminal defendants do not have a federal constitutional right to represent themselves on direct appeal from a conviction, although courts may exercise their discretion to allow a defendant to proceed pro se on appeal. Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152, 154 (2000).

The plaintiff has raised these issues, in different form, in Case No. 15-cv-509, and the court dismissed that case. He now seeks to raise the claims again in this case, expecting the result to be different. It will not be. The plaintiff has not stated a claim that

is either not barred by Heck or that states a basis for relief that this court can grant.

Dkt. No. 8 at 7-8.

In his motion for reconsideration, the plaintiff does not address the court's conclusions that even if Heck did not bar his claim, he failed to state a claim. The plaintiff does not also address the court's reference to his other case (Case No. 15-cv-509), in which he raised in part the same issues he raises here, which the court resolved, and which currently is on appeal. The plaintiff has not established that the court erred in dismissing the complaint in this case. The court will deny his motion for reconsideration.

2.  Plaintiff's Motion for Recusal

The plaintiff has filed a motion to recuse Judge Pepper for bias, pursuant to 28 U.S.C. §455(a). Dkt. No 11. He asserts that the court has "continually neglected her equalitarian duty, when failing to inquire further into Mr. Brown's claims," either ignoring them or dismissing. Id. at 1. The plaintiff states that he has valid claims, and that the court has blatantly passed over the factual issues to erroneously dismiss the claims. He asserts that the court has shown deliberate bias and he requests that the court recuse itself from this case, as well was from his two other cases (Case No. 15-cv-509-PP and Case No. 16-cv-241-PP).

Section 455(a) of Title 28 of the United States Code requires a federal judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." The plaintiff challenges Judge Pepper's judicial rulings. "First, judicial rulings alone almost never constitute a valid basis for a

5

bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Further, the plaintiff does not suggest that Judge Pepper relied on knowledge acquired outside of the court proceedings, or displayed deep-seated and unequivocal antagonism that would render fair judgment impossible. See id. at 556. The court will deny the plaintiff's request for disqualification under §455.

3.  Petitions to Use Inmate Release Account to Cover Fees and Supplies

The plaintiff asks the court to order Waupun Correctional Institution to allow him to use his inmate release account to pay for legal costs and supplies in this case. Dkt. No. 15 at 1, Dkt. No. 20 at 1. He states that he cannot obtain a copy of his trust account statement without the order, which he needs to file *in forma pauperis*. Id.

The court does not have control over plaintiff's release account fund, except to the extent that those funds are needed to make an initial partial payment of his filing fee. 28 U.S.C. §1915(b)(1) ("The court shall assess … an initial partial filing fee of 20 percent of … the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint[.]") (emphasis added). The court leaves to prison officials the decision of whether the plaintiff should be allowed to use release account funds for other litigation costs. See Artis v. Meisner, No. 12-cv-589-wmc, 2015 WL 5749785, at *6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority requiring the prison to disburse [plaintiff's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons in this manner, particularly when any such intervention may likewise interfere with the policies

6

aiding the inmate's reintegration into the community[.]")(internal quotations and citations omitted). The court will deny the plaintiff's petitions to use his release account to cover fees and supplies.

4. Notice of Appeal and Motion for Leave to Appeal Without Prepayment of Filing Fee

On August 15, 2016, the plaintiff filed a notice of appeal. Dkt. No. 13. On August 23, 2016, he filed a motion for leave to appeal without prepayment of the filing fee. Dkt. No. 19. The plaintiff must submit a certified copy of his trust account statement for the six-month period immediately preceding the date of his Notice of Appeal before the court can decide the motion. 28 U.S.C. §1915(a)(2). On October 6, 2016, the Clerk of Court's Office mailed the plaintiff a letter requesting the trust account statement within twenty-one days . Dkt. No. 22. If the plaintiff cannot obtain the statement for any reason, including lack of funds, he should notify the court.

5. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 10.

The court **DENIES** the plaintiff's motion for recusal. Dkt. No. 11.

The court **DENIES** the plaintiff's petitions to use release account for legal costs and supplies. Dkt. No. 15, 20.

Dated in Milwaukee, Wisconsin this 8th day of October, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

7

Case 2:16-cv-00632-PP    Filed 10/08/16    Page 7 of 7    Document 23